Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DANIEL BARRANCO,

        *Plaintiff*,

-against-

LA ISLA RESTAURANT, INC. (d/b/a La Isla Cuchifrito), LUZ MARIA CLAUDIO a/k/a Lucy, MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN, ELIZABETH DOE and CHRISTINA DOE.

        *Defendants.*

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Case No: 2**2-cv-1323

---------------------------------------------------------X

DANIEL BARRANCO ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., as against LA ISLA RESTAURANT, INC., LUZ MARIA CLAUDIO a/k/a Lucy, MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN, ELIZABETH DOE and CHRISTINA DOE (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff is a former employee of La Isla at 276 East 149th Street Bronx, New York 10451 that was owned and operated by Defendants LA ISLA RESTAURANT, INC., LUZ "LUCY" MARIA CLAUDIO, MADELENE NIEVEZ a/k/a OLATUNBOSUN, ELIZABETH DOE and CHRISTINA DOE.

2. Defendants own, operate, and/or controlled a restaurant called La Islas at 276 East 149th Street Bronx, New York 10451.

1

3. Plaintiff was employed by Defendants as a counterman, general laborer, cashier and dishwasher.

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours he worked each week.

5. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

6. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. Plaintiff DANIEL BARRANCO ("Plaintiff BARRANCO") is an adult individual residing in Bronx County, New York. Plaintiff BARRANCO was employed by Defendants at La Isla from approximately April 2018 through July 2021.

10. LA ISLA RESTAURANT, INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 276 East 149th Street Bronx, New York 10451.

11. La Isla was a family run restaurant – Defendant LUZ "LUCY" MARIA CLAUDIO was the mother, Defendants MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN and ELIZABETH DOE were the two daughters and CHRISTINA DOE was the niece of Defendant LUZ "LUCY" MARIA CLAUDIO.

12. Defendant MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN is being sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

13. Defendant MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

14. Defendant MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN determined the wages and compensation of the employees of Defendants, including Plaintiff.

15. Defendant MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN established the schedule of the Plaintiff.

16. Defendant MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN assigned daily work tasks to Plaintiff.

17. Defendant MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN supervised Plaintiff on a daily basis.

18. Defendant MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN disciplined Plaintiff.

19. Defendant MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN had the power to hire and fire employees.

20. Defendant MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN issued pay to Plaintiff.

21. Defendant MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN fielded and authorized changes or accommodations relating to Plaintiff's pay and schedule.

22. Defendant MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN controlled and/or supervised the payroll practices of La Isla.

23. Defendant MADELENE NIEVEZ was in charge of payroll.

24. Defendant LUZ "LUCY" MARIA CLAUDIO is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant LUZ "LUCY" MARIA CLAUDIO is being sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

25. Defendant LUZ "LUCY" MARIA CLAUDIO possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

26. Defendant LUZ "LUCY" MARIA CLAUDIO was the one who issued payment to the Plaintiff on a weekly basis by giving him cash in an envelope.

27. Defendant LUZ "LUCY" MARIA CLAUDIO was the person who initially called Plaintiff BARRANCO to work and hired him directly.

28. Defendant LUZ "LUCY MARIA CLAUDIO" fired Plaintiff and authorized the hiring of Plaintiff's replacement.

29. Defendant LUZ "LUCY MARIA CLAUDIO" controlled and/or supervised the payroll practices of La Isla.

30. Defendant ELIZABETH DOE is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant ELIZABETH DOE is being sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

31. Defendant ELIZABETH DOE possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

32. Defendant ELIZABETH DOE helped Defendant MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN with establishing the schedule for the Plaintiff.

33. Defendant CHRISTINA DOE is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant CHRISTINA DOE is being sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

34. Defendant CHRISTINA DOE possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

35. Towards the beginning of Plaintiff's employment period, Defendant CHRISTINA DOE assigned daily work tasks to Plaintiff.

   a. Defendant CHRISTINA DOE supervised Plaintiff on a daily basis.

36. Defendant CHRISTINA DOE disciplined Plaintiff.

## **FACTUAL ALLEGATIONS**

1. Defendant LUZ "LUCY" MARIA CLAUDIO possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation and controls significant functions of Defendant Corporation.

2. Defendant MADELENE NIEVEZ A/K/A MADELENE OLATUNBOSUN possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation and controls significant functions of Defendant Corporation.

3. Defendant ELIZABETH DOE possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation and controls significant functions of Defendant Corporation.

4. Defendant CHRISTINA DOE possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation and controls significant functions of Defendant Corporation.

5. Defendants are associated and joint employers, act in the interest of each other.

6. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

7. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

8. In the alternative, Defendants constitute a single employer of Plaintiff.

9. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

10. In each year from 2018 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

11. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at LA ISLA RESTAURANT, INC., such as, vegetables, French fries, potatoes, breads, flour, eggs, milk, meats and beverages, were produced outside the State of New York.

12. Plaintiff was individually engaged in interstate commerce.

13. Defendants employed more than 11 people.

*Plaintiff DANIEL BARRANCO*

14. Plaintiff BARRANCO was employed by Defendants from approximately April 2018 through July 2021.

15. Throughout his employment with defendants, Plaintiff BARRANCO was employed at the LA ISLA RESTAURANT, INC. as a counterman, general laborer, cashier and dishwasher.

16. Plaintiff BARRANCO regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

17. Plaintiff BARRANCO's work duties required neither discretion nor independent judgment.

18. Plaintiff BARRANCO regularly worked in excess of 40 hours per week.

19. From approximately April 2018 through March 2020, Plaintiff BARRANCO worked for the Defendants six-days per week from approximately 10:30 A.M. and 11:00 A.M. until approximately 9:00 P.M. to 9:30 P.M. each day (typically about 60 hours per week).

20. From approximately April 2020 until August 2020, Plaintiff BARRANCO worked for the Defendants approximately three to four days per week from approximately between 5:30 A.M. and 6:00 A.M. until approximately 12:30 to 1:00 P.M. (typically between 21-28 hours per week).

21. From approximately September 2020 until his termination in July 2021, Plaintiff BARRANCO worked for the Defendants approximately four to five days per week from about 2:30 P.M. to 3:00 P.M. until about 12:00 A.M. or 12:30 A.M. (typically between 36-45 hours per week).

22. The above hours are a fair approximation for Plaintiff's typical schedule. The schedule did vary depending on the needs of the business week to week.

23. There was about a week when the restaurant closed due to the pandemic in 2020. And, there were between one to two weeks when Plaintiff was sick or otherwise could not work.

24. Defendants paid Plaintiff at an hourly rate without a premium for his overtime hours.

25. Defendants paid Plaintiff $13.50 per hour from approximately April 2018 until about July 2021.

26. No notification was given to Plaintiff BARRANCO regarding overtime and wages under the FLSA and NYLL.

27. Defendants never provided Plaintiff BARRANCO with each payment of wages a statement of wages, as required by NYLL 195(3).

28. Defendants never provided Plaintiff BARRANCO, any notice in English and in Spanish (Plaintiff BARRANCO's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

29. Defendants frequently misappropriated tips from employees including Plaintiff by the Defendants themselves taking a portion of any tips coming into the restaurant.

30. Defendant frequently discounted one hour per day from Plaintiff's pay for lunch break that he was never able to take.

31. Defendants had a policy of deducting one hour per day from employees regardless of whether the employees had a lunch break or not.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

32. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

33. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

34. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

35. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

36. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

37. At all times relevant to this action, Defendants were Plaintiff BARRANCO's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff BARRANCO, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

38. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

39. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

40. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

41. Defendants' failure to pay Plaintiff BARRANCO at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

42. Plaintiff BARRANCO was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

43. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

45. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

46. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

47. Plaintiff BARRANCO repeats and realleges all paragraphs above as though fully set forth herein.

48. At all times relevant to this action, Defendants were Plaintiff BARRANCO's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment and determined the rates and methods of any compensation in exchange for employment.

49. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff BARRANCO less than the minimum wage.

50. Defendants' failure to pay Plaintiff BARRANCO the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

51. Plaintiff BARRANCO was damaged in an amount to be determined at trial.

# FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

52. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

53. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

54. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

55. Plaintiff was damaged in an amount to be determined at trial.

# SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

56. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

58. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

59. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

60. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

61. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

   (c)  Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

   (d)  Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

   (e)  Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

   (f)  Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

   (g)  Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

   (h)  Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

   (i)  Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

   (j)  Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(o) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
February 16, 2022

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*